## B. E. Reichenbach, Inc. v. Clearfield County Industrial Development Authority

*Charles J. McKelvey* and *Brett O. Feese,* for plaintiff.

*David E. Blakley,* for defendant.

REILLY, *P.J.,* March 3, 1981—This matter comes before the court upon plaintiff's motion for partial summary judgment and motion to amend complaint, and also upon defendant's motion for judgment on the pleadings.

Prior to October 1976 defendant solicited bids for construction of certain sections of the Clearfield Interchange Industrial Park, Economic Development Administration Project no. 01-01-01392. Plaintiff submitted a bid for Sections A and B of the Industrial Park. On January 6, 1977 plaintiff and defendant executed a contract in the amount of $1,196,514.62 for construction of these sections. The contract provided that plaintiff was to complete the project within 365 consecutive calendar days after the date specified by the owner in a written

"Notice to Proceed." The contract further provided that both plaintiff and defendant would complete the project in accordance with the terms and conditions in the specifications and contract documents. On March 15, 1977, prior to issuing the notice to proceed, defendant initiated condemnation proceedings in the Court of Common Please of Clearfield County. These proceedings were initiated even though defendant did not have the power of eminent domain. By letter dated March 29, 1977, defendant notified plaintiff to commence work on or before April 1, 1977, the effective date of "Notice to Proceed." Plaintiff initiated construction pursuant to the notice to proceed but was forced to discontinue construction on July 29, 1977, due to defendant's failure to obtain all the necessary rights-of-way. Prior to ceasing construction in July, plaintiff performed all of the work that could be performed without the rights-of-way. Plaintiff seeks damages for the delay caused by defendant because the equipment was forced to sit idle at the site.

The major issue in this case revolves around two separate clauses of the contract. The first of these clauses is relied on by plaintiff. It is one of the general conditions of the contract documents which were prepared by defendant's engineering firm and the Economic Development Administration (EDA) and provides as follows:

"Prior to the start of construction, the owner shall obtain all land rights-of-way necessary for the carrying out and completion of work to be performed under this contract."

Plaintiff's major contention is that defendant breached the contract by issuing notice to proceed before they had obtained all the proper rights-of-

way necessary for completion of work by plaintiff. They also allege that defendant was solely at fault for the delay because of this breach of the above clause.

Defendant, on the other hand, argues that section 58 of the general conditions preclude plaintiff from bringing an action for damages based on delay. Section 58 reads:

"Should the owner be prevented or enjoined from proceeding with work, or from authorizing the prosecution either before or after its prosecution by reason of any litigation, contractor shall not be entitled to make or assert claim for damage, by reason of said delay but time for completion of the work will be extended to such reasonable time as the owner may determine will compensate for time loss for such delay with such determination to be set forth in writing."

Defendant argues that this section is controlling and that further litigation required to obtain the rights-of-way was the cause for delay. Defendant cites the cases of Johnson v. Fenestra, Inc., 305 F. 2d 179 (3d Cir. 1962), and Lichter v. Mellon-Stuart Company, 305 F. 2d 216 (3d Cir. 1962), for the proposition that a contract may validly provide that contractors shall be entitled to no relief except an extension of time for performance if circumstances beyond his control shall delay his performance even though such delay does in fact increase his cost.

Both parties cite Gasparini Excavating Co. v. Pennsylvania Turnpike Commission, 409 Pa. 465, 187 A. 2d 157 (1963), the only case that seems to be close to point in this case. In Gasparini, a contractor sought delay damages from the Pennsylvania

Turnpike Commission. The commission ordered the contractor to begin work on June 6, 1955, and to complete the project in compliance with the contract by September 1, 1956, when the commission knew that a slushing contractor would be occupying the area to the exclusion of the contractor. The court held that the commission could not rely on the contractual provision providing for no damages for delay caused by the slushing contractor and that the contractor was entitled to an award of damages caused by the delay. In the case at bar we have basically the same situation. Defendant here gave plaintiff notice to proceed knowing full well that he did not have the proper rights-of-way required under the contract. As in Gasparini, defendant here actively and directly interfered with the contractors' work when he gave them Notice to Proceed knowing that they would begin their work and would be unable to continue because the proper rights-of-way were not obtained as specifically called for in the contract. Such an interference by defendant would render section 58, the delay provision, inapplicable. Defendant claims that there was no affirmative or positive interference on their part to cause the delay. The facts are contra.

Section 58 calls for no damages for delay caused by litigation that would prevent defendant from proceeding with work. The question is, what was the intention of the parties in including this no delay damage clause. Plaintiff argues that it was not prevented from proceeding by reason of litigation but solely because of defendant's failure to obtain the required rights-of-way. Plaintiff also contends that section 58 was intended to apply to the type of situation where a suit may be brought by an environmental group to enjoin further develop-

ment of a certain area and that it was not intended to shield a party from liability for breach of contract. The litigation was a result of defendant's failure to obtain the rights-of-way before giving notice to proceed. It was clearly foreseeable that plaintiff would be unable to proceed past a certain point without the proper rights-of-way and that delay would cause them considerable damage once their equipment and crew were on the site. The delay, therefore, was not caused by the litigation but by defendant's breach of contract by failing to obtain rights-of-way before issuing notice to proceed. Based on the facts here undisputed, defendant's judgment on the pleadings must be denied.

Plaintiff has also asked for partial summary judgment on the issue of liability. Based upon the facts as pleaded, plaintiff' motion must be granted. Defendant does not deny that notice to proceed was issued before proper rights-of-way were obtained. Their only argument is that section 58 relieves them of liability for the delay to plaintiff. If this court finds that defendant was in breach of the contract clause requiring rights-of-way to be procured before issuing notice to proceed and that such breach was the cause for delay, not litigation, then plaintiff's motion must be granted.

Finally, as to plaintiff's motion to amend his complaint, defendant has indicated that should its motion for judgment on the pleadings be denied, it would have no objection to such an amendment, and therefore, this court grants the same.

Wherefore, the court enters the following

## ORDER

Now, March 3, 1981, following argument thereon, it is the order of this court that motion for

judgment on the pleadings filed on behalf of the above-named defendant be and is hereby refused.

It is the further order of this court that motion for partial summary judgment filed by plaintiff above-named as to the issue of liability be and is hereby granted, and further, that plaintiff be permitted to amend its complaint in accordance with his request.